UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

KELLY ROBERTS,                          )
                                        )
        *Plaintiff,*                     )
                                        )       Case No. 2:10-cv-82
v.                                      )       Judge Mattice
                                        )
MICHAEL J. ASTRUE, Commissioner         )
of Social Security Administration,      )
                                        )
        *Defendant*.                     )

## MEMORANDUM AND ORDER

Plaintiff Kelly Roberts brought this action for judicial review of the final decision of

the Commissioner of Social Security that she was not disabled under the Social Security

Act.  The Court referred this matter to Magistrate Judge William B. Mitchell Carter pursuant

to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b) for a Report and

Recommendation ("R&R").

Magistrate Judge Carter entered his R&R [Court Doc. 12] on March 14, 2011,

recommending that the Commissioner's Motion for Summary Judgment [Court Doc. 10]

be granted, that Plaintiff's Motion for Summary Judgment [Court Doc. 8] be denied, and

that the Commissioner's decision be affirmed.  Plaintiff has filed a timely objection to the

R&R [Court Doc. 13].

For the reasons stated below, the Court will **OVERRULE** Plaintiff's objection and will

**ACCEPT AND ADOPT** Magistrate Judge Carter's Report and Recommendation.

## I.      STANDARD OF REVIEW

The Court must conduct a *de novo* review of those portions of the R&R to which an

objection is made and may accept, reject, or modify, in whole or in part, the Magistrate

Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C).  For those portions of the R&R to which objections have been made, the Court will directly review the circumstances leading to the determination that Plaintiff was not disabled.  *Id.*

The Court must determine whether substantial evidence supports the Commissioner's denial of benefits.  Substantial evidence is defined as "more than a mere scintilla" of evidence and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## II.     FACTS

Magistrate Judge Carter's R&R fully sets forth the relevant facts in this case.  There have been no objections to the relevant facts as set forth in the R&R.  Accordingly, the Court **ACCEPTS AND ADOPTS BY REFERENCE** the "Relevant Facts" section of the R&R.  (Court Doc. 12, R&R at 5-11.)

## III.    ANALYSIS

Plaintiff objects to Magistrate Judge Carter's decision that the ALJ's decision was supported by substantial evidence because Plaintiff argues that the ALJ failed to give proper weight to the opinion of Plaintiff's treating physician, Dr. Hartsell.  (Court Doc. 13, Pl.'s Objs. at 1.)  Plaintiff asserts that Dr. Hartsell, who had treated her for 14 years, opined that she cannot perform a full range of sedentary work and would miss work more than four days each month. (*Id.*)  Plaintiff claims that this opinion, along with the medical evidence from Dr. Hartsell and the physicians to which he referred Plaintiff, would result in a finding of disability.  (*Id.* at 1-3.)  Plaintiff also contends that the Vocational Expert ("VE") testified that Plaintiff would not be able to perform any jobs if she had the limitations opined by Dr.

Edwards, the state agency psychologist. (*Id.* at 3.) Plaintiff argues that the ALJ did not mention Dr. Edwards' limitations in his decision, which is clear error, and that Magistrate Judge Carter cannot provide a post hoc justification for the ALJ's failure to discuss this opinion. (*Id.* at 4.)

In his R&R, Magistrate Judge Carter noted that the ALJ rejected Dr. Hartsell's opinion about Plaintiff's limitations because it was inconsistent with other opinions in the record, including those of Dr. Page, Dr. Whitman, and Dr. Pennington, and was also inconsistent with Dr. Hartsell's own findings. (R&R at 12.) Magistrate Judge Carter noted that the ALJ is charged to weigh the evidence and is not required to accept the treating physician's opinion if there are other, conflicting interpretations from other physicians. (*Id.*) Magistrate Judge Carter noted that the ALJ reviewed a wide range of evidence which included opinions that Plaintiff was not impaired at all to opinions that Plaintiff was severely impaired and, in light of this range of evidence, the ALJ reasonably determined that Plaintiff was limited to light work with a sit/stand option. (*Id.*) Magistrate Judge Carter further noted that the ALJ provided good reasons for his rejection of Dr. Hartsell's opinion, and concluded that there was substantial evidence to support the ALJ's decision. (*Id.*)

As to Dr. Edwards' opinion, Magistrate Judge Carter noted that there was evidence that Plaintiff had no disabling mental conditions from the opinions of Dr. Nevils and Dr. Williams. (R&R at 13-14.) Magistrate Judge Carter determined that Plaintiff was isolating certain information (i.e., checked boxes) from Dr. Edwards' opinion to support her argument, but after reviewing the entire form and Dr. Edwards' Functional Capacity Assessment, Magistrate Judge Carter determined that Dr. Edwards' opinion, considered as a whole, did not support Plaintiff's claim of disability because it was consistent with other

evidence of mild mental impairments.  (*Id.* at 14-15.)  Magistrate Judge Carter did not

address the ALJ's discussion (or lack thereof) of any mental impairments, but he noted the

Commissioner's argument that the ALJ properly paid little attention to a form that

contradicted itself because of those inconsistencies. (*Id.* at 15-16.)  Magistrate Judge

Carter concluded that Dr. Edwards explained in his Functional Capacity Assessment that

Plaintiff was less limited than was represented in the summary conclusions and concluded

that the ALJ's decision was supported by substantial evidence.  (*Id.* at 16.)

With regard to Dr. Hartsell's opinion, the ALJ stated that "[a]lthough Dr. Hartsell

limited the claimant to less than sedentary work, this opinion is inconsistent with the overall

medical evidence of record, as well as Dr. Hartsell's own findings on examination."

(Administrative Record ("AR") at 21.)  The ALJ noted that no examination had revealed

evidence of "muscle atrophy, muscle flaccidity, decreased range of motion, muscle loss,

motor loss, sensory or reflex loss or difficulty with ambulation."  (*Id.* at 22.)  The ALJ

compared this to the opinion of Dr. Page, which stated that Plaintiff had no physical

impairments, and indicated that he was giving Plaintiff the benefit of the doubt on her

subjective complaints by limiting her to light work with a sit/stand option.  (*Id.*)

Dr. Hartsell's opinion states, in part, that Plaintiff can only sit for 15 minutes at one

time or stand for 20 minutes at one time.  (AR at 356.)  In an 8-hour workday, Plaintiff can

sit and stand/walk for less than 2 hours.  (*Id.* at 357.)  Dr. Hartsell also indicated, however,

that Plaintiff needed to walk around for 10 minutes every 20 minutes in an 8-hour workday

and would need to shift positions between standing, sitting and walking.  (*Id.*)

After reviewing Dr. Hartsell's opinion, his treatment notes, and the opinions of the

other physicians who examined Plaintiff or Plaintiff's file, the Court agrees with Magistrate Judge Carter's determination that the ALJ's decision to limit Plaintiff to light work with a sit/stand option was supported by substantial evidence. The opinions of Dr. Page, Dr. Whitman and Dr. Pennington are all consistent with the conclusion that Plaintiff can perform light work, and Dr. Hartsell's opinion is completely inconsistent with that conclusion. The Court cannot identify any treatment notes by Dr. Hartsell that would support such severe restrictions. Moreover, the ALJ further deferred to Plaintiff's complaints by limiting Plaintiff to work with a sit/stand option. The Court concludes, therefore, that the ALJ's decision to give little weight to the opinion of Dr. Hartsell in light of other evidence in the record was supported by substantial evidence.

With regard to Plaintiff's other objection, the Court must agree with Magistrate Judge Carter's comment that Plaintiff was isolating a few boxes Dr. Edwards marked with "moderate" limitations to support her argument, but that this box-checking is not consistent with Dr. Edwards's summary of her Functional Capacity, where he writes that Plaintiff "[c]an understand, remember, and carry out detailed but not complex instructions, [w]ill have difficulty but can sustain attention and concentration, keep to a schedule, maintain attendance, and complete a workweek" and "[c]an work with and around others, to include the general public, without difficulty." (AR at 315.) The Court agrees with Magistrate Judge Carter that there is no appreciable inconsistency between the entirety of Dr. Edwards' opinion, the opinions of Dr. Nevils and Dr. Williams, and Plaintiff's medical records which pertain to her mental impairments.

In her objection, Plaintiff cited to case law from another circuit for the proposition that the ALJ must discuss every piece of evidence in the record, but that is not the

controlling law in the United States Court of Appeals for the Sixth Circuit. The Court does not view Magistrate Judge Carter's response to Plaintiff's argument about Dr. Edwards' opinion as impermissibly inflating the decision of the ALJ such that Magistrate Judge Carter was substituting his basis for the decision in place of the ALJ's basis. Magistrate Judge Carter responded to the argument by analyzing Dr. Edwards' opinion and determined whether the ALJ's decision, as a whole, was supported by substantial evidence within the record. Magistrate Judge Carter came to the conclusion, with which the Court agrees, that the ALJ's decision was supported by substantial evidence, such that any error caused by his failure to discuss every record in the case was harmless.

Accordingly, the Court agrees with Magistrate Judge Carter's conclusion that the ALJ properly gave little weight to the opinion of Dr. Hartsell and adequately reviewed the evidence of Plaintiff's mental impairments to reach the conclusion that Plaintiff did not have disabling mental impairments. The Court concludes that the Commissioner's decision was supported by substantial evidence. Magistrate Judge Carter's recommendation that the Commissioner's decision be affirmed is **ACCEPTED and ADOPTED**. Plaintiff's objections to the R&R are **OVERRULED**. The Commissioner's Motion for Summary Judgment is **GRANTED** and Plaintiff's Motion for Summary Judgment is **DENIED**.

## IV.     CONCLUSION

Based on the foregoing, the Court **ORDERS** the following:

•     Magistrate Judge Carter's Report and Recommendation [Court Doc. 12] is **ACCEPTED AND ADOPTED** in its entirety;

•     Plaintiff's Objection [Court Doc. 13] to Magistrate Judge Carter's Report and

Recommendation is **OVERRULED**;

- The Commissioner's Motion for Summary Judgment [Court Doc. 10] is **GRANTED**;

- Plaintiff's Motion for Summary Judgment [Court Doc. 8] is **DENIED**; and

- The Commissioner's decision is **AFFIRMED**.

**SO ORDERED** this 21st day of April, 2011.

<i>/s/Harry S. Mattice, Jr.</i>

HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE